89 F.3d 830
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Fred DUNCAN, Defendant-Appellant.
 No. 95-5944.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1996.
Decided July 2, 1996.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Samuel G. Wilson, District Judge. (CR-90-60-B).
 Birg E. Sergent, Pennington Gap, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Richard A. Lloret, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Timothy Fred Duncan appeals from a judgment of the district court revoking a term of supervised release and imposing a sentence of twenty-four months. Duncan contends that the district court erred by failing to explicitly state the evidentiary standard that was being applied and by admitting evidence of a conviction that was still pending on appeal. Duncan further asserts that insufficient evidence supported the district court's decision to revoke his supervised release. Finding that the district court did not abuse its discretion, we affirm.
 
 
 2
 The district court had only to find by a preponderance of the evidence that Duncan violated a condition of his supervised release. 18 U.S.C.A. § 3583(e)(3) (West Supp.1996). The evidence at the revocation hearing showed that Duncan had been convicted of public intoxication and/or disorderly conduct at least six times and had produced at least five positive drug screens during his supervised release. Because this evidence was more than sufficient to meet the evidentiary standard, the district court did not abuse its discretion in revoking supervised release.
 
 
 3
 We also find that the court's statements adequately expressed its reasons for revoking supervised release and demonstrated the court's understanding of the appropriate evidentiary standard. See United States v. Copley, 978 F.2d 829, 832 (4th Cir.1992) (while court's reasoning could have been more specific, the record made clear that the district court properly revoked supervised release). Finally, any evidentiary error by the district court was harmless in light of the overwhelming evidence of Duncan's numerous violations of his release conditions.
 
 
 4
 We therefore affirm the district court's revocation of supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.